IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOUGLAS SZEKLINSKI,

        Plaintiff,

v.

RACINE UNIFIED SCHOOL DISTRICT,
LOLLI HAWS, GINA WILKINS, and
NANCY CARRENO,

        Defendants.

Case No. 15-cv-1033-pp

---

# DECISION AND ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING THE COMPLAINT, AND ORDERING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT BY A DATE CERTAIN

On August 25, 2015, Douglas Szeklinski, representing himself, filed a §1983 civil rights complaint alleging that the defendants discriminated against him in violation of his Fourteenth Amendment rights. Dkt. No. 1. He also filed a motion to proceed *in forma pauperis*. Dkt. No. 2. This order addresses that motion and screens the plaintiff's complaint.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that he does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

1

The plaintiff's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs indicates that he is not employed, that he is not married, and that he supports his twenty year-old daughter and one year-old granddaughter "as needed." Dkt. No. 2 at 2. He owns a 2000 Dodge Dakota that has a value of about $600, but has no other assets. Id. at 3. He indicates that he has a checking account, but it is not clear how much money he currently holds in that account. Id. Instead, he notes that he receives $1,600 in SSI on the third of each month and $10 on the thirtieth of each month. Id. His total income appears to be $1,610 per month.

His expenses include $650 in rent each month, $300 per month for prescriptions, $400 monthly for insurance, $400 monthly for food, and $200 a month for utilities. Id. at 4. Under expenses, he lists "$30,000" for medical, but the court suspects that this is the total amount of medical debt he has, and not a monthly expense. He also lists debt to the IRS and the Wisconsin Department of Revenue. Id. The plaintiff lists the total amount of monthly expenses as $1,600, although the monthly expenses above actually total $1,950, excluding his medical and tax debt. He notes that he is disabled with a medical hardship that requires him to borrow money, and that he cannot always afford his prescriptions. Id. at 4-5.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expense but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). In this case, the plaintiff's affidavit shows that

he has monthly income of $1,610 and monthly expenses of $1,950. In this case, the information contained in the plaintiff's affidavit, signed under the penalty of perjury, demonstrates that he does not have enough money to pay his monthly expenses, and so does not have the funds to pay a filing fee.

The second prong of the fee waiver analysis, however, requires the court to consider whether the plaintiff's claim appears to be frivolous. If so, even if the plaintiff does not have funds, the court will not waive the fee.

In the heading of the complaint, the plaintiff lists several statutes. First, he lists 18 U.S.C. §241. This is a criminal statute which prohibits conspiracy to violate civil rights. An individual cannot file a criminal charge; only a prosecutor, acting on behalf of a government entity, may bring a criminal charge. If the plaintiff believes that the defendants engaged in a criminal conspiracy to violate his civil rights, he must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

Next, the plaintiff alleges violations of 18 U.S.C. §1983. There is no section 1983 in Title 18.

Next, the plaintiff refers to 42 U.S.C. §1985(3). This statute provides a federal cause of action against those who conspire to deprive someone of their civil rights. The court will discuss this statute below.

The plaintiff then refers to 42 U.S.C. §1983, the statute which prohibits individuals acting under color of state law from violating an individual's constitutional rights. Again, the court will discuss this statute below.

3

The plaintiff next refers to 42 U.S.C. §1986, which creates an affirmative duty to protect against violations of 42 U.S.C. §1985.

Finally, the caption mentions "discrimination," "misconduct in public office," and "negligence/negligence to prevent." There are no statute sections listed by these alleged causes of action.

In the body of the complaint, the plaintiff alleges that the court has supplemental jurisdiction over his state law tort claims. He also indicates that his action should be "brought before the United States District Court pursuant to 18 U.S.C. 4 AS A CRIMINAL ACT by defendants." He says he seeks referral to the U.S. Attorney, and asks that "further action be brought under the United States R.I.C.O. Act." As the court already has indicated, private individuals cannot bring criminal prosecutions. The plaintiff must take any allegations of criminal conduct to law enforcement or the U.S. Attorney's Office.

The court finds that several of the causes of action the plaintiff alleges in the complaint, therefore, are frivolous. As discussed below in the screening portion of this order, the court also finds that certain defendants must be dismissed, and that the plaintiff has not met the federal pleading standards for other causes of action. For this reason, the court will deny the plaintiff's request to waive the filing fee without prejudice. If the plaintiff amends his complaint—as the court is going to allow him to do—and states colorable causes of action, he may again ask the court to consider waiving the filing fee.

**SCREENING THE PLAINTIFF'S COMPLAINT**

This leaves the court with two possible civil causes of action that it appears the plaintiff may be attempting to bring: a civil rights claim under 42 U.S.C. §1983, and a conspiracy to commit civil rights claim under 42 U.S.C. §1985(3).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that each of the defendants acted under the color of state law. First, he alleges that the defendants discriminated against him when, in June 2011, they told him that he was ineligible for a job (for which he was qualified) because of a felony conviction that the plaintiff asserts does not exist. Id. at 5-6. He asserts that he applied again for this same job on several occasions (in response to advertisements), and continued to be rejected, despite being told he was the only qualified candidate. Id.

Second, he alleges that on August 19, 2015 and August 21, 2015, the defendants discriminated against him when they put him through a lengthy

6

interview process, which included his enrolling in, paying for and completing a management course at the defendants' request. Id., at 6-9. Ultimately, the defendants "removed [him] from consideration for employment." Id.

The complaint, in its current form, does not state claims against any of the defendants for violation of the plaintiff's civil rights. As discussed above, not only must a plaintiff prove that the defendants acted under color of law in order to prove a violation of §1983; he also must allege that the defendants "deprived [him] of a right secured by the Constitution or laws of the United States." There is no constitutional right to be hired for a particular job. There is no constitutional requirement that an employer make sure the candidate does not have a felony conviction before refusing to hire him, nor is there a constitutional requirement that an employer hire a candidate just because the employer leads the candidate to believe that he is over-qualified, or the best candidate.

The court notes that on page 4, section III(5) of his complaint, the plaintiff states, "Plaintiff is 64 year old citizen of the United States of America . . . . " The plaintiff also states that he is "recognized by the United States Government as being a physically challenged person with a prosthesis." Id. The plaintiff does not say anywhere in his complaint whether he believes that either of these facts influenced or formed the basis for the defendants' refusal to offer him the engineering job he sought. If these facts are relevant to the plaintiff's claims, he should explain that in his complaint.

7

The court also observes that the plaintiff has sued the school district itself, Lolli Haws "and spouse if married," Gina Wilkins "and spouse if married," Nancy Carreno "and spouse(s) if married," and a couple whom he refers to as John/Jane Doe. The plaintiff makes no direct allegations against Lolli Haws, Haws' spouse (if any), the spouses of Wilkins or Carreno, or the John/Jane Doe defendants. Because the complaint contains no allegations regarding defendants Haws, the spouses of any of the defendants, or John Doe or Jane Doe, the court will dismiss them as defendants. See Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (Only an individual who caused or participated in the alleged constitutional deprivation can be held liable in a §1983 action.).

It is possible that the plaintiff sued Lolli Haws solely because she is the superintendent of the Racine Unified School District. 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting the "long-settled" rule stated in Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). Section 1983 makes public employees responsible "for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009).

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way.  Bureaucracies divide tasks; no [plaintiff] is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient

8

> performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen.

Id. at 595.

A government entity is liable under §1983 "only where the [government entity] *itself* causes the constitutional violation at issue." Id. at 386, citing Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 695-95 (1978). The doctrine of "respondeat superior"—holding an employer liable for the actions of the employees—"will not attach under § 1983." Id. See also, Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992) ("Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates."). "The 'should have known' theory . . . is both legally deficient and inconsistent with the demands of effective administration." Id.

Accordingly, because it appears that the plaintiff named Lolli Haws as a defendant solely because she is the supervisor of the other individuals involved in refusing to hire him, the court will dismiss the complaint against her.

Finally, the defendant has named the Racine Unified School District as a defendant. The school district is not a person; section 1983 provides for claims against a *person* acting under color of state law. The school district is a local government entity. The Supreme Court held in Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 694-95 (1978) that:

> a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

9

> inflicts the injury that the government as an entity is responsible under §1983.

This means that a plaintiff may sue a government entity under §1983 only when the plaintiff alleges that that entity engages in a policy or practice of violating people's civil rights. The plaintiff has not made any such allegations in his complaint. Accordingly, the court will dismiss the Racine Unified School District as a defendant.

The court is going to allow the plaintiff to amend his complaint as to defendants Wilkins and Carreno, in the event that he intended to allege violations of his constitutional rights and simply was not clear in doing so. The court is enclosing with this order a packet of information entitled "Guide to Filing Complaints Without a Lawyer in Federal District Court." This guide explains how to file a complaint that the court and the defendants can effectively consider. The court strongly urges the plaintiff to take the advice and the tips in this packet into account when he writes his amended complaint.

## **CONCLUSION**

The court **ORDERS** that the plaintiff's Petition to Proceed Without Prepayment of Fees and/or Costs is **DENIED WITHOUT PREJUDICE** (Dkt. No. 2).

The court **ORDERS** that defendants Racine Unified School District, Holli Laws, the *spouses* of Holli Laws, Gina Wilkins, and Nancy Carreno, and Jane/John Doe are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that the complaint against defendants Gina Wilkins and Nancy Carreno is **DISMISSED WITHOUT PREJUDICE**. The court

10

**ORDERS** that if the defendant wishes to file an amended complaint against those defendants, he must do so no later than **FRIDAY, OCTOBER 30, 2015**. If the plaintiff does not file an amended complaint by Friday, October 30, 2015, the court will terminate this case.

Dated at Milwaukee, this 2nd day of September, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge